IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACKIE D. NICHOLAS,<br><br>　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-359-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Jackie D. Nicholas's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claim Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  On April 28, 2009, Plaintiff applied for SSI, alleging disability beginning on September 24, 2007.[2]  Plaintiff's application was denied initially and upon reconsideration.[3]  On October 22, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on September 21, 2011.[5]  On October 18, 2011, the ALJ issued a written decision denying Plaintiff's claim for SSI.[6]  On February 16, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  See 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On April 17, 2012, Plaintiff filed her complaint in this case, which was assigned to District Judge Tena Campbell.[8]  The Commissioner filed her answer on answer on June 26, 2012,[9] and the court received the Administrative Record the same day.[10]

---

[2] *See* docket no. 7, Administrative Record ("Tr. ____") 97-103.

[3] *See* Tr. 44-45.

[4] *See* Tr. 46-48.

[5] *See* Tr. 24-43.

[6] *See* Tr. 7-23.

[7] *See* Tr. 1-6.

[8] *See* docket no. 3.

[9] *See* docket no. 6.

[10] *See* docket no. 7.

On June 29, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]  Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]

Plaintiff filed her opening brief on January 15, 2013.[13]  The Commissioner filed her answer brief on February 14, 2013.[14]  Plaintiff filed her reply brief on February 25, 2013.[15]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor

---

[11] *See* docket no. 10.

[12] *See id*.

[13] *See* docket no. 13.

[14] *See* docket no. 14.

[15] *See* docket no. 15.

substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that: (1) the Appeals Council erred by failing to remand the case to the ALJ based on newly submitted evidence, (2) the ALJ erred by failing to consider all of Plaintiff's impairments at step two of the sequential evaluation process, (3) the ALJ erred in evaluating Plaintiff's credibility, (4) the ALJ erred in evaluating certain medical opinions, and (5) the ALJ erred in determining Plaintiff's RFC. The court will address those arguments in turn.

### I. New Evidence

On appeal, new evidence submitted to the Appeals Council after the ALJ's decision becomes part of the record for review in determining whether the ALJ's decision is supported by substantial evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 858-89 (10th Cir. 1994). Plaintiff argues that the Appeals Council should have remanded the case to the ALJ based on new evidence submitted after the administrative hearing, which Plaintiff maintains is evidence demonstrating that Plaintiff's impairments meet or equal section 12.05 of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.05.

As indicated above, step three of the sequential evaluation process "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Listing 12.05, which addresses mental retardation, contains an introductory paragraph, which requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates

or supports onset of the impairment before age 22." 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.05.  Once a claimant has met the requirements of that introductory paragraph, he or she must also satisfy the requirements of either paragraph A, B, C, or D of the listing.  Plaintiff asserts that she satisfies the requirements of paragraph C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  *Id*. at listing 12.05(C).

The Commissioner does not dispute that Plaintiff submitted evidence to the Appeals Council indicating that Plaintiff may have an IQ score of 68.  The Commissioner argues, however, that there is still substantial evidence in the record to support the conclusion that Plaintiff's alleged impairments do not meet or equal listing 12.05.  The court agrees.

As noted by the Commissioner, the record contains opinions indicating that Plaintiff did not satisfy the requirements of the introductory paragraph of listing 12.05.  For example, psychologist Dr. Richard Grow ("Dr. Grow") had previously performed intelligence testing and diagnosed Plaintiff with borderline intellectual functioning, not mental retardation.[16]  The ALJ gave great weight to Dr. Grow's report, and Plaintiff has not challenged the ALJ's treatment of that report.  Furthermore, the new evidence Plaintiff submitted was equivocal as to whether Plaintiff met the requirements of the introductory paragraph of listing 12.05.  One of the pieces of new evidence was a report from Mr. Eric Nielsen, DSW ("Mr. Nielsen"), who administered the

---

[16] *See* Tr. 510.

IQ test to Plaintiff.  In that report, Mr. Nielsen indicated that Plaintiff "scored on the cusp of mild mental retardation to borderline intellectual functioning" and that "her performance may be in the borderline range."[17]  The other piece of new evidence was a report from Dr. John Malouf ("Dr. Malouf").  In his report, Dr. Malouf indicated that Plaintiff "[p]robably" suffered from mental retardation.[18]

Given the substantial evidence before the ALJ and the uncertain nature of the new evidence submitted to the Appeals Council, the court cannot say that the Appeals Council erred by failing to remand the case to the ALJ based upon the newly submitted evidence.  Accordingly, the court concludes that this argument fails.

## II.  Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that certain of Plaintiff's alleged impairments were severe impairments.  "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]."  *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original).  The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ

---

[17]  Tr. 578, 583.

[18]  Tr. 573.

reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Id*.

In this case, the ALJ determined that Plaintiff suffered from several severe impairments. Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process. Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.

### III.  Credibility

Plaintiff argues that the ALJ erred in assessing the credibility of Plaintiff's testimony concerning pain. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

>    1. The individual's daily activities;
>    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

>   3.  Factors that precipitate and aggravate the symptoms;
>   4.  The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>   5.  Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>   6.  Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>   7.  Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony about her disabling symptoms was not entirely credible. First, the ALJ properly relied upon Plaintiff's sporadic work history prior to her alleged onset date and the fact that Plaintiff had worked after her alleged onset date. *See* SSR 96-7p (providing that the ALJ should consider a claimant's "prior work record and efforts to work" in determining the claimant's credibility). Second, the ALJ properly relied upon the fact that Plaintiff was able to complete her household chores and drive, despite her allegations of severe limitations. *See* 20 C.F.R. § 416.929(c)(3)(i). Finally, the ALJ properly relied upon Plaintiff's behavior during a particular examination, in which the examiner indicated that Plaintiff's answers were evasive. *See id.* § 416.929(c)(4).

The court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in determining that Plaintiff's testimony was not entirely credible. Furthermore, the court

has determined that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in reaching his determination about Plaintiff's credibility.

### IV.  Medical Opinions

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927].  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff argues that the ALJ erred in evaluating several medical opinions. First, Plaintiff contends that the ALJ erred by failing to address the opinions of Dr. Bruce E. Thomas ("Dr. Thomas"). However, Plaintiff has failed to articulate how consideration of those opinions would have affected the outcome of the ALJ's decision. As such, Plaintiff has failed to demonstrate any harmful error. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

Second, Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Alan Colledge ("Dr. Colledge") and Dr. Charles Bean ("Dr. Bean"). The court disagrees. The ALJ properly relied upon the fact that there was no evidence in the record to support the restrictions contained within the opinions of those two doctors. *See* 20 C.F.R. § 416.927(c)(3). Further, the

opinions of those two doctors went to issues that are reserved to the Commissioner, including Plaintiff's RFC. *See id*. §§ 416.946, 416.927(d); SSR 96-5; *see also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). To the extent that Plaintiff reargues the weight of the evidence on this issue, the court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Finally, Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Mark Corgiat ("Dr. Corgiat"). Specifically, Plaintiff argues that the ALJ, who gave great weight to the opinions of Dr. Corgiat, failed to include certain limitations expressed by Dr. Corgiat. Plaintiff's argument fails for two reasons. First, an ALJ is not required to include every limitation expressed by every opinion in the record. Instead, it is the ALJ's responsibility to assess Plaintiff's RFC based on all of the record evidence. *See* 20 C.F.R. §§ 416.946, 416.927(d); SSR 96-5; *see also Howard*, 379 F.3d 945 at 949. Second, as noted by the Commissioner, Plaintiff has failed to establish any inconsistencies between the opinions of Dr. Corgiat and the ALJ's RFC determination.

Based on the foregoing, the court concludes that Plaintiff's argument on this point are without merit.

## V. RFC

Plaintiff argues that the ALJ erred by failing to consider all of Plaintiff's alleged impairments in reaching the RFC determination. In the court's view, Plaintiff's argument on this issue is nothing more than an attempt to argue the weight of the evidence before the ALJ, which the court has already noted is unavailing on appeal. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Accordingly, the court concludes that this argument fails.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge